UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Injah Tafari,

                              Plaintiff,                          **Hon. Hugh B. Scott**


                                                                  06CV331
                   v.                                             Consent

                                                                  **Decision
                                                                  &
                                                                  Order**

Glenn Goord et al. ,

                              Defendant.

_____


        Before the Court is the plaintiff's motion for a bifurcated trial (Docket No. 98).


                                **Background**

        The plaintiff, Injah Tafari ("Tafari") filed the instant complaint asserting various claims,

including an excessive force claim against defendants Kyle, Mann, McEvoy, Dougherty,

Turnbull, Bishop, Gunn, Gibson and Zydel.[1] With respect to the excessive force claim, Tafari

asserts that on May 26, 2003 he was ordered to the wall for a pat frisk by Kyle.  Tafari states that

"without warning, defendant Kyle punched the plaintiff in the right ear, causing bloody

discharge" and that the other defendants struck him with a baton, kicked him in the head and

_____

        [1]  The plaintiff's other claims, including First Amendment retaliation claims, failure to
protect claims, and due process claims have been dismissed after the plaintiff stated that he
wished to proceed only with the excessive force claim. (Docket Nos. 12 and 13).

                                        1

legs, punched him in the face and mid-section and that his head was slammed into a wall.

(Docket No. 1 at pages 9-10).  The defendants assert a different version of the May 26, 2003

incident, that during a pat frisk, Kyle asserts that Tafari "removed himself from the wall and

struck [one of the defendants] in the left shoulder with his elbow" and then struggled with the

defendants who came to assist in gaining control of Tafari. (Docket No. 52 at ¶¶ 6- 9).  The

defendants asserts that they saw what appeared to be a homemade handcuff key fall from Tafari's

hair. (Docket No. 53 at ¶ 11).  Several of the defendants assert that they were injured by Tafari

during the incident. (Docket No. 52 at ¶¶ 8-10,14, 16).

The plaintiff seeks a bifurcation of the trial in this case with respect to the issues of

liability and damages.  Rule 42(b) of the Federal Rules of Civil Procedure affords a trial court the

discretion to order separate trials where such an order will further convenience, avoid prejudice,

or promote efficiency." See Fed.R.Civ.P. 42(b); Amato v. City of Saratoga Springs, N.Y., 170

F.3d 311, 316 (2d Cir.1999). "Therefore, bifurcation may be appropriate where, for example, the

litigation of the first issue might eliminate the need to litigate the second issue ... or where one

party will be prejudiced by evidence presented against another party.... Amato, 170 F.3d at 316

(citing Vichare v. AMBAC Inc., 106 F.3d 457, 466 (2d Cir.1996) and Fed.R.Civ.P. 42(b)).

"These factors do not represent a rigid test for determining whether separate trials are necessary;

to the contrary, the court could order bifurcation upon a showing of merely one of these factors."

Carson v. City of Syracuse, 1993 WL 260676, at *2 (N.D.N.Y. 1993) (citing Ricciuti v. New

York City Transit Auth., 796 F.Supp. 84, 86 (S.D.N.Y.1992))  To determine whether bifurcation

is warranted, the Courts generally consider the following three factors: "(1) whether significant

resources would be saved by bifurcation; (2) whether bifurcation will increase juror

comprehension, and (3) whether bifurcation will lead to repeat presentations of the same evidence and witnesses." WeddingChannel.Com Inc. v. The Knot, Inc., 2004 WL 2984305, *1 (S.D.N.Y.2004) (quoting Gaus v. Conair Corp., 2000 WL 1277365, *3 (S.D.N.Y. 2000)). The moving party bears the burden of establishing that bifurcation is warranted. Dallas v. Goldberg, 143 F.Supp.2d 312, 315 (S.D.N.Y.2001). Bifurcation is considered "the exception rather than the rule." Bowers v. Navistar Int'l Transp. Corp., .1993 WL 159965 (S.D.N.Y. 1993). See 9 C. Wright & A. Miller, Federal Practice and Procedure § 2388 (2007) ("The piecemeal trial of separate issues in a single lawsuit or the repetitive trial of the same issue in severed claims is not to be the usual course. Thus, Rule 42(b) should be resorted to only in the exercise of informed discretion when the court believes that separation will achieve the purposes of the rule."). Bifurcation is not appropriate where the issues of liability and damages are intertwined. Vichare, 106 F.3d at 466.

In support of the instant application for bifurcation, the primary justification articulated by the plaintiff is the assertion that he lacks the necessary resources to obtain medical experts to testify in this case. (Docket No. 98 at ¶¶ 18-22). The cases cited by the plaintiff stand for the proposition that although the establishment of an "injury" is relevant to an Eighth Amendment claim, "it does not end it"; that a minor injury may suffice, and that in some cases the use of force without injury may sustain an Eighth Amendment claim. (Docket No. 98 at ¶¶ 27-29). Thus, it is argued, the plaintiff would not need to fully develop the nature and extent of his injuries for a trial on liability. These cases do not resolve the bifurcation issue at hand. The plaintiff does cite to Davidson v. Brzezniak, Civ. No. 95CV204C (W.D.N.Y. 2003)(Curtin., J.)(unpublished opinion; attached as Exhibit A to Docket No. 100). In Davidson, the defendants sought

3

bifurcation in response to the plaintiff's request for the appointment of a medical expert to assist

him in the presentation of his case.[2]   The defendants in Davidson argued that inasmuch as the

---

[2]   In Davidson the Court notes that under certain circumstances it has discretion to appoint an expert witness pursuant to Rule 706 of the Federal Rules of Evidence. (Docket No. 100, Exhibit A, at page 6).  It is well-settled that the "federal courts are not authorized to waive or pay witness fees on behalf of an *in forma pauperis* litigant. ... [N]o reading of 28 U.S.C. § 1915 supports the contention that Congress authorized the federal courts to waive or pay for [the plaintiff's] witness fees. Malik v. Lavalley, 994 F.2d 90 (2d. Cir. 1993)(citing cases); see also Candelaria v. Coughlin, 133 F.3d. 906 (2d. Cir. 1997)(same). This issue was addressed cogently in Byng v. Campbell,. 2008 WL 4662349 (N.D.N.Y.,2008):

> Pursuant to Fed.R.Evid. 706, a court may, ... appoint an expert witness. The determination to appoint an expert rests solely in the Court's discretion and is to be informed by such factors as the complexity of the matters to be determined and the Court's need for a neutral, expert view. See Pabon v. Goord,  2001 WL 856601 (S.D.N.Y. July 30, 2001)). The appointment of an expert pursuant to Rule 706 is not intended to further partisan interests of any party, but to aid the Court, through the services of an impartial expert in its assessment of technical issues. ... [A]s was noted in [Pabon], the Court must also be concerned with the substantial expense associated with appointing experts. In this regard, the mere fact that Byng has been permitted to proceed with this action in forma pauperis entitles him only to the right to proceed without prepayment of filing fees and the cost of service. See N.D.N.Y.L.R. 5.4(a) ("The granting of an in forma pauperis application shall in no way relieve the party of the obligation to pay all other fees for which such party is responsible regarding such action, including, but not limited to, copying and/or witness fees.") ... Under the circumstances, the Court is unable to find, at this time, that the appointment of an expert medical witness is warranted pursuant to Rule 706(a).

Byng, 2008 WL 4662349 at * 7. See also  Mills v. Luplow, 2009 WL 2606240 (W.D.N.Y.,2009) (McCarthy, M.J.)(same). But see  Hannah v. United States, 523 F.3d 597, 600 (5th Cir. 2008) (Rule 706 contemplates the appointment of an expert to aid the court, not for the plaintiff's benefit); Trimble v. City of Phoenix Police Dept., 2006 WL 778697 (D.Ariz. 2006) (Rule 706 permits the trial court, in an exercise of its discretion, to appoint an independent expert to aid the trial court under certain circumstances. Reasonably construed, it does not contemplate the appointment of, and compensation for, an expert to aid one of the parties.). Thus, it is not clear how bifurcation would assist the plaintiff's ability to obtain experts for a trial on damages.  The Court notes that on January 25, 2010 (albeit prior to the appointment of counsel), the plaintiff, an experienced *pro se* litigant, acknowledged to the Court that discovery was complete in this matter.

defendants contend that **no** force was used in that case, bifurcation was appropriate.

The defendants oppose the bifurcation motion arguing that the liability and damage issues in this case are intertwined.  Citing to Hudson v. McMillian, 503 U.S. 1, 7 (1992), the defendants contend that the extent of injury suffered by an inmate is a factor that may suggest whether the use of force could plausibly have been thought necessary or whether it evinces wantonness amounting to an unjustified infliction of harm. (Docket No. 102 at ¶ 10).  In this regard, the defendants argue that medical evidence relating to the injuries sustained in the incident would have to be presented during any trial as to liability in this case. Thus, the defendants maintain that bifurcation would not save significant resources. The defendants also argue that bifurcation would be prejudicial to the defendants because the "manner in which the entire incident took place necessarily influences" whether nominal, compensatory or punitive damages would be appropriate. (Docket No. 102 at ¶ 13).  The defendants assert that if a second jury is charged with the responsibility of deciding damages, it would have to do so "in a vacuum because it would not have the benefit of knowing what transpired in regard to the underlying incident." (Docket No. 102 at ¶ 13). Thus, the defendants argue that bifurcation would result in repetition in the presentation of witnesses and evidence.

The Second Circuit has not directly addressed whether bifurcation of liability and damages is appropriate in §1983 actions alleging excessive force.[3] The Second Circuit has recognized that in an excessive force case  "[a] jury could reasonably find that only nominal

---

[3]   There are some cases, both within and without the Second Circuit, stating that bifurcated trials were held in §1983 actions alleging excessive force claims, but which do not discuss the issue of bifurcation. Thus, those cases are not particularly helpful in that the analysis relating to the factors to be considered regarding bifurcation is not addressed. See Amato v. City of Saratoga Springs, 1998 WL 903625 (N.D.N.Y.1998).

damages are appropriate where, for example, a plaintiff's testimony as to his injuries lacks objective support or credibility, or where both justified force and unjustified force were used, either of which could have caused his injuries, or where some of the plaintiff's injuries could have been caused by a codefendant who was not found to have used excessive force." Kerman v. City of New York, 374 F.3d 93 (2d. Cir. 2004). It would be difficult for a jury to make such a discerning determination regarding damages if that jury did not hear evidence regarding the context of the underlying incident in which excessive force was alleged. Indeed, because of the interplay between the evidence of the extent of injury and the reasonableness of the force used, the Sixth Circuit Court of Appeals held that it was an abuse of discretion for the District Court to bifurcate an excessive force trial as to liability and damages where the plaintiff was not allowed to present medical evidence during the liability trial. Martin v. Heideman, 106 F.3d. 1308 (6th Cir. 1997).

This is not a case like that in Davidson where the defendants argued that the underlying incident forming the basis of the plaintiff's complaint simply did not take place. There was no need, in that case, for the jury deciding damages to determine whether some of the force used was justified, and some excessive, or to parse out the injuries caused by justified use of force and those injuries caused by an excessive use of force. In the instant case, it is undisputed that a physical altercation took place between the plaintiff and certain defendants and that both the plaintiff and several of the defendants assert that they suffered injuries as a result. As noted by the Second Circuit in Kerman, it is possible that the jury may determine that *all* of the force used by the defendants was justified, that *none* of the force used was justified; or that *some of the force was justified and some not justified*. The jury deciding damages in this case will have to

6

be presented with evidence relating to the facts and circumstances surrounding the underlying altercation (in effect, the evidence presented during the trial on liability) to determine which injuries, if any, were the result of the excessive use of force.

Many of the instances in which an excessive force trial was bifurcated involved the bifurcation of the primary claim against the individual defendants and the secondary claim of municipal liability under Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978). Even in that context, the Third Circuit Court of Appeals has held that it was not an abuse of discretion to deny bifurcation. See In re Bayside Prison Litigation, 157 Fed.Appx. 545 (3d. Cir. 2005)(Bifurcation is certainly not required in these circumstances, especially when ... the issues are so closely interwoven that the plaintiff would have to present the same evidence twice in separate trials. ... As a practical matter, there is simply no way to try this case against the supervisory defendants without proving the incident involving [the individual defendant], along with presenting the other proofs concerning reports of complaints and injuries that came to the Administrators' attention, and to which they failed properly to react.).  Other cases in which bifurcation as to liability and damages was ordered can be distinguished from the case at hand. For example, in Plaza-Bonilla v. Cortazzo, 2009 WL 977297 (E.D. Pa 2009), bifurcation was ordered as to liability and damages in a case in which the plaintiff had been shot while attempting to flee a crime scene. There the Court found, as a matter of law, that the defendants used deadly force, and that the issues of liability and damages were not so interwoven as to preclude bifurcation.  Similarly, in Smith-Walker v. Zielinski, 2003 WL 21254221 (S. D. Ind. 2003), the Court found that the plaintiff would be prejudiced unless the liability and damages trials were bifurcated due to the plaintiff's pre-existing psychological and psychiatric conditions.

In the instant case, bifurcation would result in significant repetition in the presentation of witnesses and evidence during the damages trial. During a pretrial conference on October 11, 2011, the plaintiff represented that he has identified one treating physician who may be willing to testify in this case on a voluntary basis.  The plaintiff has not advised the Court as to any other experts the plaintiff plans to engage.  The defendants have advised the Court that they intend to introduce medical evidence, through medical records and medical personnel, during the trial as to liability in this case. Thus, in light of the interwoven nature of the liability and damages in this case, and the fact that many of the issues relating to the plaintiff's injuries must necessarily be explored during a liability trial, it does not appear that bifurcation would likely save significant resources or increase juror comprehension.

In light of the above, the motion to bifurcate is denied. The trial shall proceed, commencing on October 31, 2011, as to both liability and damages resulting from the plaintiff's claim of excessive force.

## Conclusion

The motion for bifurcation of trial is denied consistent with the above.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
October 14, 2011

8